

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 06-84 |
| | : | |
| RUTH C. FALLIS, | : | |
| | : | |
| Defendant. | : | |

FILED
AUG - 1 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## INDICTMENT

The federal grand jury for the District of Delaware charges that:

*Introduction*

1. At all times relevant to this Indictment, First Union National Bank ("First Union") and Wachovia Bank, the successor to First Union, were federally insured financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation or FDIC.

2. From in or around 1992 until in or around October 2005, the Perry Anthony Design Group, hereinafter "PADG," a salon and day spa in Pike Creek, Delaware, employed the defendant, Ruth C. Fallis, as its bookkeeper. In her role as bookkeeper, the defendant was responsible for collecting the daily receipts from PADG, depositing the cash and check portions of the receipts into PADG's bank account, and making the quarterly federal tax deposits. The defendant also had unrestricted access to the PADG checkbook.

3. Between on or about December 8, 2001, and in or around October 2005, the defendant wrote 75 unauthorized checks totaling $557,044.93 off the PADG account at First Union, which later became Wachovia Bank, either to herself or to pay her expenses. Of that total, the defendant used 56 of the checks, totaling $462,536.60, to pay her American Express

bills; she wrote eleven of the checks to herself and deposited them into her personal bank account; she used one of the checks, in the amount of $5,716.41, to pay a Diner's credit card bill; she used two of the checks totaling $9,180 to pay for landscaping work at her home; and she used five checks totaling $43,692 to pay for contracting work done on her home.

4.     During that same time period, the defendant kept over $500,000 of the cash receipts that she was responsible for depositing into the PADG account.

5.     In order to conceal and execute her scheme and unbeknownst to the owner of PADG, beginning in 2002, and continuing until the third quarter of 2005, the defendant deliberately failed to make the quarterly federal tax deposits on behalf of PADG. Furthermore, in or around the summer of 2005, when the Internal Revenue Service ("IRS") attempted to contact PADG to discuss the lack of payments, the defendant diverted the IRS' calls and notices to herself so that the owner of PADG would not learn of the tax liability and/or of her fraudulent scheme. The defendant diverted the IRS' calls by contacting the IRS in Virginia via telephone from her home in Delaware and impersonating the wife of the owner of PADG.

*Charging Paragraphs*

### COUNT ONE

6.     From on or about December 8, 2001, through in or around October 2005, in the State and District of Delaware, the defendant, Ruth C. Fallis, did knowingly execute and attempt to execute a scheme and artifice to obtain moneys under the custody and control of First Union Bank, which later became Wachovia Bank, federally insured financial institutions, in that the defendant was engaged in a scheme and artifice to obtain money as described in paragraphs 1 through 5 above, incorporated herein by reference, and, in execution of that scheme, on or about

March 13, 2002, the defendant forged the signature of the owner of Perry Anthony Design Group on a Perry Anthony Design Group check and wrote a check to herself in the amount of $5,530, and, based on this fraudulent check, First Union Bank released $5,530 to the defendant, all in violation of Title 18, United States Code, Section 1344.

### COUNTS TWO THROUGH FORTY-NINE

7. On or about the dates set forth below, in the State and District of Delaware, Ruth C. Fallis, defendant herein, transferred and caused to be transferred in interstate commerce the following securities written off the account of Perry Anthony Design Group, each with a value of $5,000 or more, corresponding to the following counts of the Indictment, knowing the same to have been stolen and taken by fraud, as described more fully in paragraphs one through five above, incorporated herein, each in violation of 18 U.S.C. § 2314:

| COUNT | CHECK DATE | PAYEE | CHECK NO. | AMOUNT |
|---|---|---|---|---|
| TWO | 12/8/01 | Ruth Fallis | 11308 | $5,300.00 |
| THREE | 2/5/02 | Ruth Fallis | 11350 | $5,527.50 |
| FOUR | 3/9/02 | Ruth Fallis | 13098 | $5,500.00 |
| FIVE | 3/12/02 | AmEx | 13122 | $12,633.25 |
| SIX | 3/13/02 | Ruth Fallis | 13005 | $5,530.00 |
| SEVEN | 3/14/02 | AmEx | 13121 | $9,500.09 |
| EIGHT | 4/5/02 | Diners | 13268 | $5,716.41 |
| NINE | 8/2/02 | AmEx | 13401 | $7,700.00 |
| TEN | 8/6/02 | AmEx | 13346 | $5,335.00 |

| | | | | |
|---|---|---|---|---|
| **ELEVEN** | 9/15/02 | Tradesman | 13435 | $6,453.00 |
| **TWELVE** | 10/2/02 | AmEx | 13463 | $7,631.20 |
| **THIRTEEN** | 11/2/02 | AmEx | 13449 | $5,625.00 |
| **FOURTEEN** | 11/12/02 | AmEx | 13464 | $7,400.00 |
| **FIFTEEN** | 1/6/03 | AmEx | 13566 | $7,400.00 |
| **SIXTEEN** | 1/23/03 | AmEx | 13593 | $7,023.65 |
| **SEVENTEEN** | 2/8/03 | AmEx | 13633 | $7,932.84 |
| **EIGHTEEN** | 2/26/03 | AmEx | 13782 | $6,283.15 |
| **NINETEEN** | 4/30/03 | AmEx | 13841 | $6,063.03 |
| **TWENTY** | 5/11/03 | AmEx | 13857 | $14,235.83 |
| **TWENTY-ONE** | 8/28/03 | AmEx | 14081 | $5,498.17 |
| **TWENTY-TWO** | 9/2/03 | Tradesman | 14093 | $8,924.00 |
| **TWENTY-THREE** | 9/8/03 | AmEx | 14153 | $6,878.69 |
| **TWENTY-FOUR** | 9/11/03 | AmEx | 14154 | $12,917.68 |
| **TWENTY-FIVE** | 9/27/03 | Kelly's Landscaping | 14082 | $5,000.00 |
| **TWENTY-SIX** | 10/10/03 | AmEx | 14163 | $15,614.75 |
| **TWENTY-SEVEN** | 11/8/03 | AmEx | 14176 | $7,384.37 |
| **TWENTY-EIGHT** | 12/10/03 | AmEx | 14283 | $9,967.55 |
| **TWENTY-NINE** | 1/22/04 | AmEx | 14292 | $18,301.12 |
| **THIRTY** | 2/25/04 | AmEx | 14310 | $6,181.62 |
| **THIRTY-ONE** | 4/8/04 | AmEx | 14342 | $11,634.80 |
| **THIRTY-TWO** | 5/13/04 | Tradesman | 14498 | $17,030.00 |

| THIRTY-THREE | 5/20/04 | AmEx | 14623 | $12,075.91 |
| THIRTY-FOUR | 6/18/04 | AmEx | 14697 | $9,581.87 |
| THIRTY-FIVE | 7/20/04 | Tradesman | 14622 | $9,300.00 |
| THIRTY-SIX | 7/28/04 | AmEx | 14695 | $7,792.27 |
| THIRTY-SEVEN | 8/4/04 | AmEx | 14736 | $5,066.59 |
| THIRTY-EIGHT | 8/5/04 | AmEx | 14829 | $7,492.59 |
| THIRTY-NINE | 9/6/04 | AmEx | 14853 | $9,147.26 |
| FORTY | 10/5/04 | AmEx | 14915 | $17,590.28 |
| FORTY-ONE | 10/31/04 | AmEx | 14868 | $10,002.04 |
| FORTY-TWO | 12/2/04 | AmEx | 14924 | $11,829.54 |
| FORTY-THREE | 12/14/04 | AmEx | 14925 | $17,175.00 |
| FORTY-FOUR | 2/16/05 | AmEx | 15174 | $28,162.55 |
| FORTY-FIVE | 3/11/05 | AmEx | 15258 | $9,150.85 |
| FORTY-SIX | 3/12/05 | AmEx | 15210 | $18,254.40 |
| FORTY-SEVEN | 3/15/05 | AmEx | 15087 | $16,623.21 |
| FORTY-EIGHT | 4/16/05 | AmEx | 15278 | $21,092.91 |
| FORTY-NINE | 6/27/05 | AmEx | 15441 | $16,567.62 |

## COUNTS FIFTY THROUGH FIFTY-TWO

8.     From in or around June 2005, through in or around October 2005, in the State and District of Delaware, having devised and intending to devise the scheme for obtaining money by means of false and fraudulent pretenses from Perry Anthony Design Group, First Union National Bank, and Wachovia Bank, as described in paragraphs one through five above, incorporated

5

herein by reference, and for the purpose of executing such scheme to obtain money, Ruth C. Fallis, the defendant, did knowingly transmit signals by wire in interstate commerce between Wilmington, Delaware and Richmond, Virginia by making the following telephone calls on the following dates from her home in Delaware to the Internal Revenue Service in Virginia which correspond to the following counts of the Indictment:

| COUNT | DATE |
| --- | --- |
| **FIFTY** | June 23, 2005 |
| **FIFTY-ONE** | July 21, 2005 |
| **FIFTY-TWO** | September 9, 2005 |

Each in violation of 18 U.S.C. § 1343.

### NOTICE OF FORFEITURE

Upon conviction of the offense alleged in Count One of this Indictment, the defendant, Ruth C. Fallis, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation, including but not limited to:

    (a)    **Money Judgment** - a sum of money equal to $557,044.93 in United States currency, representing the amount of proceeds obtained as a result of the offense, to wit, a violation of 18 U.S.C. § 1344, bank fraud.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with a third party;

      (c)      has been placed beyond the jurisdiction of the court;

      (d)      has been substantially diminished in value; or

      (e)      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above, i.e. $557,044.93, including but not limited to the following: all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 104 East Bridle Path, Hockessin, DE 19707, and all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, described as Lot 3, Block 7, Section 1, Carova Beach, Fruitville Township, Currituck County, North Carolina.

      A TRUE BILL:

      _____
      Foreperson

COLM F. CONNOLLY
United States Attorney

By: _____
Douglas E. McCann
Assistant United States Attorney

Dated: August 1, 2006