IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 06-84-GMS |
| RUTH C. FALLIS, | : |
| Defendant. | : |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorney, Beth Moskow-Schnoll, Assistant United States Attorney for the District of Delaware, and on behalf of and with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Ruth C. Fallis, by and through her attorney, Eugene J. Maurer, Jr., Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant, Ruth C. Fallis, agrees to plead guilty to Counts 1 and 52 of the Indictment. Count 1 charges the defendant with bank fraud in violation of 18 U.S.C. § 1344 and carries a maximum penalty of 30 years imprisonment, 5 years supervised release, a $1,000,000 fine and a $100 special assessment. Count 52 charges the defendant with wire fraud in violation of 18 U.S.C. § 1343 and carries a maximum penalty of 20 years imprisonment, a $250,000 fine, 3 years supervised release and a $100 special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to Count 1 of the Indictment, bank fraud in violation of 18 U.S.C. § 1344: (a) that on or about the dates set forth in the Indictment, there was a scheme

to obtain moneys under the custody and control of a bank; (b) that the defendant executed the scheme with the intent to defraud the bank or with an intent to deceive the bank in order to obtain from it money or other property; and (c) that at the time of the execution of the scheme, the bank had its deposits insured by the Federal Deposit Insurance Corporation or FDIC. The defendant further understands that if there were a trial, the Government would have to prove the following elements with respect to Count 52 of the Indictment, wire fraud in violation of 18 U.S.C. § 1343: a) the defendant knowingly devised a scheme or artifice to defraud; b) the defendant did so with the intent to defraud; and c) in advancing, or furthering, or carrying out this scheme to defraud, the defendant caused the transmission of any writing, signal or sound of some kind by means of a wire in interstate commerce.

    3.    The defendant knowingly, voluntarily, and intelligently admits the following facts: (a) between on or about December 8, 2001, and in or around October 2005, she wrote and negotiated 75 unauthorized checks totaling $557,044.93 off the account of her employer, the Perry Anthony Design Group ("PADG"), at First Union, which later became Wachovia Bank; (b) between in or around January 2002 and in or around October 2005, she kept at least $504,681.22 of PADG's cash receipts that she was responsible for depositing into PADG's account; (c) in order to conceal and execute her scheme to steal from PADG, beginning in 2002, and continuing until the third quarter of 2005, she deliberately failed to make the quarterly federal tax deposits on behalf of PADG; (d) in or around the summer of 2005, when the Internal Revenue Service ("IRS") attempted to contact PADG to discuss the lack of payments, she diverted the IRS' calls and notices to herself so that the owner of PADG would not learn of the tax liability and/or of her scheme to steal from PADG; and (e) on June 23, 2005, July 21, 2005,

and September 9, 2005, she diverted the IRS' calls by contacting the IRS in Virginia via telephone from her home in Delaware and impersonating the wife of the owner of PADG.

4. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of her attorney or the United States, the defendant will not be allowed to withdraw her guilty plea on that basis.

5. The defendant agrees to pay the $200 special assessment at the time of sentencing. Should she fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

6. Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, at sentencing, the United States agrees to move for a three level reduction under U.S.S.G. § 3E1.1(b) based on the defendant's

conduct to date.

7. At the time of sentencing, the United States agrees to move to dismiss Counts 2 through 51 of the Indictment returned against the defendant on August 1, 2006.

8. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. The defendant understands and agrees that if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits she expects from any such stipulation or recommendation, the defendant may not withdraw her guilty plea on that basis.

9. The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past seven years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous seven years. Defendant agrees to forfeit to the United States all of the defendant's interests in any asset of a value of more than $1,000 that, within the last seven years, the defendant owned, or in which the defendant maintained an interest, the ownership of which the defendant fails to disclose to the United States in accordance with this agreement.

10. The defendant agrees to forfeit all interests in any fraud related asset that the

defendant currently owns, has previously owned or over which the defendant currently, or has in the past, exercised control, directly or indirectly, and any property the defendant has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of her offenses, including but not limited to the following specific property:

    a. the defendant's interest in all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 104 East Bridle Path, Hockessin, DE 19707; and

    b. the defendant's interest in all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, described as Lot 3, Block 7, Section 1, Carova Beach, Fruitville Township, Currituck County, North Carolina. The defendant agrees to consent to the entry of orders of forfeiture for her interest in such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise her of this, pursuant to Rule 11(b)(1)(J), at the time her guilty plea is accepted.

11. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Memorandum of Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as

requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as substitute assets for property otherwise subject to forfeiture.

12. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

_____        BY: _____
Ruth C. Fallis                              Beth Moskow-Schnoll
Defendant                                   Assistant United States Attorney

_____
Eugene J. Maurer, Jr.
Attorney for Defendant

Dated: 3-24-07

AND NOW, this 26th day of March, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE GREGORY M. SLEET
United States District Court Judge

FILED
MAR 26 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

6